## E. R. MORGAN v. THE BOARD OF COMMISSIONERS OF PRATT CO.

ELECTION; *Probate Judge*; *Mandamus*. In July, 1879, Pratt county was organized. The first election was held September 2, 1879, at which a probate judge was elected. At the general election following, November 4, 1879, plaintiff received the entire number of votes cast for the office of probate judge. No mention was made of this office in the sheriff's proclamation of election. Defendants declined to canvass these votes. *Held*, That the office of probate judge was properly to be filled at said election, the officer elected at the special only holding until the next general election, and that plaintiff was entitled to a mandamus compelling a canvass of the votes therefor.

### Original Proceedings in Mandamus.

ON the 28th day of February, 1880, an alternative writ of mandamus was issued out of this court, upon a petition filed therefor by *E. R. Morgan*, and directed to *John Sillon*,

*L. H. Naron,* and *Thos. Goodwin,* as the board of county commissioners of the county of Pratt, commanding them to meet on the 20th day of March, 1880, at Iuka, the county seat of said county, and then and there to canvass the vote cast for probate judge of said county, at the election held therein, on November 4th, 1879, or to show cause, etc.    The defendants answered, showing cause.    The opinion herein was filed August 10, 1880.

*Houk & Brown,* for plaintiff.

*A. B. Jetmore,* and *H. P. Cooper,* for defendants.

The opinion of the court was delivered by

BREWER, J.: The agreed evidence in this case shows, that Pratt county, prior to July 26, 1879, was unorganized; that on said date it was duly organized; that the first election in said county was held on the 2d day of September, 1879; that at said election a full set of county officers was chosen, including a probate judge; that the next regular November election was held on the 4th day of November, 1879; that at said November election E. R. Morgan received the entire number of votes cast for probate judge in said county; that the sheriff of Pratt county made no mention of the election of probate judge in his notice for the said November election; that defendants are the board of county commissioners of the said county, and county clerk, as alleged, and have been since the September election, 1879; that the said board of county commissioners, sitting as the canvassing board of said county, refused to canvass the votes cast at the November election for the office of probate judge of said county, and still refuses so to do.    The plaintiff therefore asks a peremptory writ of mandamus, to compel defendants to canvass the returns of the votes cast at said November election for the office of probate judge of Pratt county.

We think the plaintiff is entitled to his writ.    So far as the omission of the sheriff to mention the office of probate judge in his proclamation is concerned, that of itself cannot vitiate

the election.   This was a general election, and the law de-
termined what officers were to be elected.   (*Jones v. Gridley*,
20 Kas. 584.)   So far as the right to elect a probate judge at
such election is concerned, the reasoning in *Hagerty v. Arnold*,
13 Kas. 367, goes far to settle it.   True, the case is not exactly
in point, for there the officer voted for at the first general elec-
tion received the office, and the question was as to the length
of his term.   If Morgan had been declared elected and had
received his office, that decision would be authority for hold-
ing that his term expired this coming winter, instead of con-
tinuing two years.   We see no reason to depart from that
decision, and the argument which upholds that, sustains
plaintiff's claim.   That case sustained the statute providing
for the organization of new counties, as well as that prescrib-
ing the time for the commencement of the regular terms of
county officers.   It recognized the power of the legislature,
under the constitutional provision concerning the organization
of new counties, to provide in such organization, and as a part
of it, for county offices of terms less than two years; that is,
the legislature having prescribed the time for the commence-
ment of the regular terms, which terms, by constitutional
requirement, are of two years' duration, may make any pro-
vision whatever for filling the time intermediate the organi-
zation of the county and the commencement of such regular
terms, even as said in the opinion in that case, "if it requires
two elections in one year."   It is but part of the organization
of the county to carry it forward to the time for the com-
mencement of the various regular terms of its several offices.
All this was settled by that case.   Now the statute provides
that the officers elected at the special election shall hold until
the succeeding general election.   And the constitution defines
the term "general election."   It says: "General elections
shall be held annually, on the Tuesday succeeding the first
Monday in November." (Const., art. 4, § 2.)   The November
election is the general election, and that whether few or many
offices are to be filled.   It may be said that when the statute
provides that the officer elected at the special election shall

hold until the next general election, it means the next general election for that office. But this is not the natural import of the language, and seems to require an interpolation of certain words. The phrase "general election" has a constitutionally defined, fixed and uniform meaning, and is independent of the terms of office or the number of officers to be elected. If any other meaning is intended, there ought to be some qualifying or limiting words to indicate that further or other sense. There is no need of any interpolation; the language is clear, and no injury or annoyance is done by giving to it its natural meaning. An election based upon that understanding of the statute was treated as valid in *Hagerty v. Arnold,* supra. Both sides assumed that such an election was proper, and the case was discussed and decided by this court upon that assumption. And we think the assumption was correct. The constitutionality of the statute was expressly affirmed, and affirmed upon the supposition that it meant exactly what we now decide it to mean. For if the statute means that the officer elected at the special election shall hold until the commencement of the next regular term, there was, in fact, no such question as was discussed and decided in that case.

Without pursuing the argument further, we conclude that there was properly an election for the office of probate judge, and that a mandamus must issue to compel a canvass of the votes cast for that office.

All the Justices concurring.