## NELSON v. KING, County Auditor.

Where a Republican county convention nominated no county commissioners, but a petition for the nomination of a certain person for the office of county commissioner designated him as a "Republican," mandamus would not lie on the relation of a signer of his petition to compel the county auditor to print such candidate's name in the Republican column, and not to print the name of a certain other person in the Republican column.

(Opinion filed, Nov. 16, 1906.)

Mandamus by the state on the relation of Wilmer D. Nelson to compel W. A. King, as county auditor of Hughes county, to print the name of Frank L. Fuller, as a candidate for the office of county commissioner. Proceedings dismissed.

*John L. Sutherland* and *Byron S. Payne,* for plaintiff. *Gaffy & Stephens* and *Goodner & Goodner,* for defendant.

HANEY, J. This was an original application, upon notice, for a peremptory writ of mandamus commanding the defendant as county auditor to print the name of Frank L. Fuller, as a candidate for county commissioner from the second district, on the ballots to be used at the recent general election in Hughes county, and to not print the name of George L. Fay thereon, in the Republican column, as a candidate for the same office. It was made in the name of the state on the relation of Wilmer D. Nelson, who, upon the hearing, was substituted as plaintiff, for the reason that the Attorney General had neither authorized nor refused to institute the proceeding. Smith v. Lawrence, 2 S. D. 185, 49 N. W. 7. It was agreed that the Republican county convention nominated no county commissioners and that, though Mr. Fuller's petition or cer-

tificate was signed by electors only, he was designated therein as a "Republican"; a designation belonging exclusively to candidates of the Republican Party. The auditor was not authorized to print his name under any other designation than that stated in the certificate. State v. Metcalf, 18 S. D. 393, 100 N. W. 923, 67 L. R. A. 331. It could not be printed under that designation for the very obvious reason that Mr. Fuller was not nominated by the Republican Party. Under the caucus law a party nomination for the office of county commmissioner could be made only by the county convention. State v. Rexford (S. D.) 109 N. W. 216. Independently of that law, he could not be regarded as representing the Republican Party, because the electors who signed his certificates were not authorized to select candidates for the party. Hence, his name properly could not appear at any place on the ballots. With Mr. Fuller's name excluded and Mr. Fay's alone remaining it was clearly immaterial to plaintiff (a signer of the Fuller certificate) as to what place the latter occupied. Plaintiff offered to show that after the time for filing certificates had expired and after this proceeding was commenced, an amended certificate nominating Mr. Fuller, signed by the electors who executed the first certificate, containing a different designation, had been tendered to the auditor. This offer was rejected for the reason that it was not relevant to the issues raised by the application and answer. And the court, in view of all the circumstances, declined to allow an amendment of the application, which, in effect, would have involved a state of facts not existing when the proceeding was instituted.

So, without considering when, to what extent, or in what manner, a certificate of nomination might be amended by the electors who signed it, the application for a peremptory writ was denied, and the proceeding dismissed.

CORSON, J., having been absent, took no part in this decision.