THE STATE OF NEBRASKA, EX REL. ORLO W. BIRMINGHAM, v. JOHN B. DINSMORE, COUNTY CLERK OF CLAY COUNTY.

1. County Seat: ELECTION: DESIGNATION ON BALLOTS. In an election for the relocation of a county seat, where three points only can be voted for, designated as "Fairfield, Sutton, or Harvard," and ballots voted for the first are entitled "Fairfield ticket," describing accurately a sub-division of land within the limits of the town site of Fairfield: *Held*, that such ballots must be counted for Fairfield.

2. ————: ————: INTENTION OF VOTER. Where the intention of the voter is clearly ascertainable from the ballot, with the aid of extrinsic facts of a public nature connected with the election, the law will require his vote to be counted.

3. ————: ————: MANDAMUS. If the canvassers of the vote of an election neglect or refuse to count all the votes and fully perform their duty, they may be compelled by mandamus to discharge that duty.

THIS was an application for a mandamus requiring John B. Dinsmore, county clerk of Clay county, to call

to his assistance two disinterested electors in said county and proceed to re-canvass the votes cast at an election held in said county on the twentieth day of September, 1875, for the relocation of the county seat. At that time one F. M. Brown was the clerk of that county and a member of the canvassing board, a majority of whom rejected thirty-three votes cast in Edgar precinct, whereby, under the law in reference to the removal of county seats, Sutton would remain the county seat of that county. If, however, the thirty-three votes had been counted, then under the law another election would be held. This application was brought for that purpose. An alternative writ issued against Dinsmore, and upon the coming in of the answer the cause was heard upon the pleadings and proofs.

*James Laird* and *John C. Cowin*, for the relator.

*Mason & Whedon*, for the respondent.

GANTT, J.

This cause is heard upon an alternative writ of mandamus, and the answer thereto, and proofs. It appears that an election was held in Clay county upon the question of the relocation of the county seat, which resulted in no choice of a place; and therefore, under proclamation duly made, a second election was ordered to be held on the twentieth day of September, 1875, designating "Fairfield, Sutton, or Harvard," as the eligible places or candidates for the location of the county seat.

Upon a canvass of the votes cast at this election, the board of canvassers rejected thirty-three votes cast in Edgar precinct, which it is alleged were cast for Fairfield. The alternative writ commanded the county clerk to make a canvass of all the votes cast at this second election, and especially to count the thirty-three votes cast in Edgar precinct, and that a complete abstract be made of

all the returns of votes cast at said election, or show cause why he has not done so. The answer denies that the thirty-three votes cast in Edgar precinct were for the town of Fairfield; but avers that they were cast for the north half of the northwest quarter of section three, in township five, north of range seven west, and ought not to be counted or canvassed for the town of Fairfield; and denies that said description of land is a part of the town site of Fairfield. The proofs in the case clearly show that the land described on the ballots, is within the limits of and constitutes a part of the town site of Fairfield. And all the ballots cast in the several precincts of the county were preserved in the mode required by law, and were offered in evidence on the trial of the cause; and, upon a careful inspection of them, it clearly appears that all the ballots voted for Fairfield, in the several precincts of the county, are in the same form, in all respects, as those voted in Edgar precinct, and all of them were counted by the canvassers, except those of said precinct. And furthermore the proofs show that at the first election on the question of a relocation of the county seat, the ballots voted for Fairfield were in the same form. It is therefore clear without doubt, that it was universally understood and known throughout the county that these ballots voted in Edgar precinct were intended and were cast for the town of Fairfield; and, besides, these ballots correctly describe a part of the town site of Fairfield as the point for the relocation of the county seat, and from the designation of place on the ballots, the intention of the voter may be plainly ascertained. Upon the facts in this case, there can be no doubt that the votes cast in Edgar precinct must be counted. The doctrine is well established that extrinsic evidence of a public nature connected with the election, is admissible to ascertain the intention of the voter from the ballot. And the rule is well settled that when the canvassers neglect or refuse

to perform their duty, they may be compelled to discharge that duty by writ of mandamus.

PEREMPTORY WRIT GRANTED.