WILLIAM HAGGE, PLAINTIFF IN ERROR, v. THE STATE, EX REL. E. R. WISEMAN, DEFENDANT IN ERROR.

**Election Returns:** BOARD OF CANVASSERS. W. was elected treasurer of H. county in the year 1878, by a majority of twelve votes. The board of canvassers threw out the vote of one precinct, giving W. twenty majority, and thereby declared one H. elected to said office. *Held*, that a board of canvassers have no judicial power whatever under the law of 1873, and that their duty is simply to count the votes returned and declare the result. They cannot look beyond the returns.

ERROR to the district court of Hall county. Tried below before POST, J.

*O. A. Abbott*, for plaintiff in error.

The official return of officers who so neglect and violate their oaths of office should not be received in evidence, but other evidence should have been produced on behalf of the party claiming under such terms. Either the ballots should have been produced or the electors themselves summoned. See McCrary's Law of Elections, 228 and 229, and cases there cited. *Littlefield v. Green*, 1 Chicago Legal News, 230. Brightley's Election Cases, 493. *Mann v. Cassiday*, 1 Brewster, 60. *Thompson v. Ewing*, 1 Brewster, 107. *Weaver v. Given*, 1 Brewster, 140. *Batturs v. Megory*, 1 Brewster, 162. *Gibbons v. Stewart*, 1 Brewster, 1.

*Thummel & Platt*, for defendant in error, cited *Linn v. Marshall County*, 16 Kansas, 132.   *Gilleland v. Schuyler*, 9 Kan., 569.   *Kane v. People*, 4 Neb., 515.   *Pratt v. People*, 29 Ill., 54.

MAXWELL, CH. J.

This is a proceeding in quo warranto, instituted by the relator against the plaintiff in error, to oust him from the position of treasurer of Hall county, and to instate the relator therein.   On the trial of the cause in the district court, judgment was rendered in favor of the relator.   The defendant therein brings the cause into this court by petition in error.   It appears from the bill of exceptions that at the general election in the year 1878, Martinsville precinct, in Hall county, cast twenty-two votes, twenty of which were cast for the relator and two for the plaintiff in error, and that the entire vote of this precinct was thrown out and not counted by the board of canvassers.   The only question in dispute is the authority of the board of canvassers to reject such votes.

Section 14 of the act to provide a general election law, approved February 27, 1873 (Gen. Stat., 352), provided that " when all the votes shall have been examined and counted, the clerks shall set down on their poll books the names of every person voted for, written at full length, the office for which such person received such vote or votes, and the number of votes he received, which number shall be · expressed in words at full length; such entry to be made in the following manner and form," etc.: [giving form].

Sec. 15 provides that " the judges of elections shall then inclose one of the poll books, full and complete, in an envelope or cover, and seal the same, and direct the same to the county clerk of the county in which

Hagge v. The State.

the election is held, and the packet thus sealed shall be conveyed to the said county clerk by one of the judges or clerks of election, within four days from the close of the polls," etc.

Section 17 provides that " upon the reception of the returns of each election precinct by the county clerk, directed to him as hereinbefore provided, and within six days after the closing of the polls, he, together with two disinterested electors of the county, to be chosen by himself, shall open said returns and make complete abstracts of the votes cast for each several office at said election."

Section 18 provides that " after such abstract is made and the votes counted and compared, the person or persons having the highest number of votes for each of the offices of member of the senate, member of the house of representatives, and all county and precinct officers voted for at such election, shall be declared duly elected, and the county clerk shall issue a certificate accordingly."

It will thus be seen that the canvassing board have no judicial powers whatever. Upon the reception of the returns of each election precinct by the county clerk, he is to summon two disinterested electors, who, together with such clerk, are to open the returns and count the votes, and the person having the highest number of votes for any office shall be declared elected. Their duties are purely ministerial. If illegal votes have been cast, or irregularities occurred affecting the right of the person declared elected to the office, the law provides for contesting such election; but a canvassing board cannot go behind the returns. It follows that the judgment of the district court must be affirmed.

JUDGMENT AFFIRMED.