THE STATE OF NEBRASKA, EX REL. WALTER L. WHITTEMORE, v. THOMAS PEACOCK ET AL.

1. **Election:** CANVASSING RETURNS: MANDAMUS. A board of canvassers of the returns of an election possess no authority to throw out the returns of election from certain precincts and refuse to canvass such votes, and if they do so they may be compelled by mandamus to reassemble and complete the canvass.

2. **Mandamus.** If the remedy by action is not adequate, mandamus will lie against public officers for neglect of official duty.

ORIGINAL application for mandamus.

*J. R. Webster*, for the relator.

*Charles O. Whedon*, for the respondents.

MAXWELL, J.

This is an application for a mandamus against the defendants, who are special county commissioners of Brown county, to canvass the votes cast in Long Pine precinct for the location of the county seat of that county. It appears from the record that Brown county was organized on the twelfth day of March, 1883, and Thomas Peacock, Isaac N. Alderman, and Daniel D. Carpenter were appointed special county commissioners; that the county was thereupon divided into suitable precincts, and an election called to be held on the nineteenth day of July, 1883, for the election of precinct and county officers and the location of the county seat; that on the twenty-fourth of July, 1883, said commissioners and the county clerk met and canvassed all the returns of said election except Long Pine precinct; that the votes as canvassed for county seat were as follows:

For Ainsworth, 441 votes;

For Long Pine, 309 votes;

For Bassett, 74 votes;

making a total of 824, and as Ainsworth had a majority of all the votes canvassed it was declared the county seat; that the votes cast at Long Pine for county seat were as follows:

For Ainsworth, 2 votes;

For Long Pine, 29 votes;

For Bassett, 45 votes;

For Morris Bridge, 3 votes;

which if canvassed would make a total of 903 votes, and require another election for the location of the county seat.

These returns, upon their face, were sufficiently authenticated to show that they were genuine. The law placed upon these defendants the duty of canvassing the returns —not a portion but all of them. If they could throw out one precinct, why not two or more, and thus practically disfranchise a portion of the people and defeat the will of the majority? Such practice, if sanctioned, would make elections a farce. But such is not the law. The duty of a canvassing board is to count the votes returned by the proper officers, and it has no discretion in the premises, the duties being purely ministerial. *Hagge v. The State*, 10 Neb., 51. *State v. Hill*, Id., 58. *State v. Stearns*, 11 Id., 102. But it is claimed on behalf of the defendants that even if the returns from Long Pine were improperly excluded, still the relator has an adequate remedy by contest, and therefore mandamus will not lie. All the cases seem to agree that a mere right of action will not prevent the issuing of a mandamus in a proper case. The remedy by action must be adequate. Can it be said that the circuitous and expensive remedy by contest is an adequate one—a remedy which may require years to reach the final judgment, while the same result can be reached at once by requiring a canvass of the votes cast? *State v. Stearns*, 11 Neb., 104. A remedy to be adequate should be prompt and efficient, and this is afforded by mandamus. Besides, it does not lie in the mouths of these defendants to plead

another remedy as an excuse for a failure on their part to perform a plain duty. A peremptory writ is awarded as prayed.

JUDGMENT ACCORDINGLY.

THE other judges concur.