THE STATE OF NEBRASKA, EX REL. GEORGE H. ROMIG AND GEORGE W. MYERS, PLAINTIFFS IN ERROR, V. ROBERT WILSON, CHARLES S. HARRIS, HOWARD W. ZINK, AND GEORGE W. RAPP, TRUSTEES OF THE VILLAGE OF NELIGH, DEFENDANTS IN ERROR.

Elections: RETURNS OF ELECTION. The judges and clerks of election in the village of N. duly certified the returns of the election, held on the 5th day of April, 1887, to the board of trustees of said village. The returns so certified were duly delivered to the village board, without change or mutilation. Upon a canvass of the returns, the trustees, as a board of canvassers, received evidence, and changed the returns by striking therefrom two votes said to have been illegally cast, thus changing the result of the election. Upon a proceeding for a writ of mandamus to compel the canvassing board to re-assemble and canvass the vote according to the actual return, it was *Held*, That they had no authority to change the returns of the election board, and that mandamus would lie to compel them to canvass the returns as received.

ERROR to the district court for Antelope county. Tried below before CRAWFORD, J.

*Allen & Robinson*, for plaintiffs in error.

No appearance for defendants in error.

REESE, CH. J.

This action was instituted in the district court of Antelope county, and was an application for a writ of mandamus to compel defendants in error to canvass the votes cast at the election held in the village of Neligh on the 5th day of April, 1887, as returned to them by the judges and clerks of election. A trial was had in that court, which resulted in a general finding by the court in favor of defendants, and the cause was dismissed. Relators allege error, and bring the case to this court by proceedings in error.

The assignments of error contained in the petition are, *First*, That the court erred in entering a final judgment in said case dismissing the petition and refusing the writ; and, *Second*, That the court erred in overruling the motion for a new trial.

It appears by the testimony that, after the close of the polls the judges and clerks of election proceeded to canvass the vote, when two ballots were found folded together in such a form as to indicate that they had been voted as one ballot; that one of the judges of election, placed the two ballots in his vest pocket, and they continued to canvass the votes. Upon the close of the canvass these two ballots were reproduced and canvassed. The return was then made to the trustees of the village, when certain evidence was filed showing the irregularity referred to. It is said by one witness, who was a member of the the old board, that the canvassing board had personal knowledge of this irregularity, and upon such knowledge, as well as the evidence, they corrected the return of the canvassing board and made an abstract from the return thus corrected, thus changing this result of the election from that shown by the return of the election board. There is no intimation anywhere that the returns of the election board were not presented to the canvassers in precisely the same form as they were when certified by the election board. The returns were regular, had not been changed, and were therefore the true returns of the election board. We know of no authority or rule which would authorize the village board to change those returns, even though they were satisfied that a fraudulent vote had been cast and counted. It was their duty to canvass the returns as they found them, in the absence of any proof that they had been mutilated or changed after being certified by the election board. *State, ex rel., v. Stearns,* 11 Neb., 104. *State, ex rel., v. Peacock,* 15 Neb., 442. *Kane v. The People,* 4 Neb., 509.

It was shown by the testimony that, prior to the trial in the district court, the trustees to whom the certificates of election had been given, had qualified and entered upon the discharge of their duties as trustees. Upon the authority of *The State v. Stearns, supra,* this would make no difference, and the canvassing board should have been required to re-assemble and canvass the returns correctly.

The judgment of the district court is reversed, and the cause is remanded for further proceedings in accordance with law.

REVERSED AND REMANDED.

THE other judges concur.