STATE OF NEBRASKA, EX REL. STANLEY THOMPSON, PLAINTIFF, V. CITY OF KEARNEY ET AL., DEFENDANTS.

1.  **Mandamus.**  The rule that, when the question presented is one of public right, and the object of the action is to enforce the performance of a public duty, it is sufficient for the relator to show that he is a citizen, and as such is interested in the execution of the laws, applies more particularly to cases where the failure to perform the duty affects all the members of the community alike.

2. ————.  Where private or corporate rights are affected, then the relator must show an interest; while if the state is the real party, and the relator a mere informer, to procure the enforcement of a mere public duty a private individual may become the relator.

3. **Municipal Corporations:** REMOVAL OF BUILDINGS. The council of a city of the second class may authorize the removal of a wooden building from one point within the fire limits of such city to another point therein, provided that private rights are not affected thereby.

ORIGINAL application for mandamus.

*Stanley Thompson,* for relator, cited: Dill. on Mun. Corp., 2d edition, 2d vol., Sec. 666. *State, ex rel. Hahn, v. Hardy,* 7 Neb., 379. *Wadleigh v. Gilman,* 12 Maine, 403.

*Calkins & Pratt,* for respondent.

MAXWELL, J.

The plaintiff alleges in his petition, " that he is a resident tax-payer and elector of the said city; that the city of Kearney is a city of the second class, of more than 5,000 inhabitants and less than 25,000 inhabitants, duly and legally organized and proclaimed under the general laws of the state of Nebraska, for the incorporation of cities and towns within the state; that the said Lawrence Ketchum is the legally appointed, duly qualified, and acting marshal of the said city of Kearney; that on the 29th day of November, 1886, the council of said city, in accordance with the power granted them by the legislature in such cases, regularly passed an ordinance prescribing the fire limits within said city, as follows: Commencing at the north-east corner of lot 72 in the original town of Kearney Junction, at the intersection of Wyoming avenue with 13th street, and running thence west to the west side of the alley between lots 72 and 77 of said original town,

thence south along the west side of the alleys parallel
with Wyoming avenue to the south line of 7th street,
thence east to the east side of the alley between lots 838
and 839 of said original town, thence north on the east
side of the alleys parallel with Wyoming avenue to 13th
street, thence west to the west line of Wyoming avenue.
Said ordinance provided that all buildings within said
boundaries should be deemed to be within the fire limits
of said city, and that all buildings thereafter erected, con-
structed, or placed within said limits should be constructed
of stone, brick, or other incombustible material, with tin,
iron, or other fire proof roof. Said ordinance further
provided, that any person, persons, or corporations who
should erect, construct, or place within said fire limits
any building in violation of said ordinance, should, upon
conviction, be fined in any sum not exceeding $100, and
that any building or structure erected, constructed, or
placed within said fire limits, and not constructed of the
material above mentioned, should be deemed and held to
be a common nuisance, and may be abated by service of a
notice by the chief of police, or any other policeman, upon
the owner or occupant of said building or structure, in
the manner provided by said ordinance, and that if such
owner or occupant should not remove such building or
structure within forty-eight hours from the time of the
service of such notice, said chief of police, or other police-
man, may remove such building or structure in the man-
ner therein provided.   *   *   *   Said ordinance further
provides, that no person, persons, or corporations shall
move any wooden building or structure from one place to
another, within the fire limits of said city, except by per-
mit obtained from the council of said city, as is required
in section two of said ordinance. That on the 4th day of
August, 1888, the Hamilton Loan and Trust Co., being
the owner of a two-story, shingle roof, frame building,
situate on lot 374, city of Kearney, between 10th and

11th streets, on the east side of Wyoming avenue, and within the fire limits prescribed by ordinance, by their agent, A. J. Popple, removed their building from said location to lot 129, city of Kearney, between 11th and 12th streets, facing west on Wyoming avenue, and placed the same upon said lot, which is in said fire limits as declared by ordinance, and said building still remains on said lot 129; that said building was placed in such a position that it adjoined two other frame buildings on the south, and in close proximity to the north of a row of frame and brick buildings; that thereafter your relator appeared before the council of said city, on the — day of August, 1888, and requested said council to instruct the chief of police, Lawrence Ketchum, to notify the owner or occupants of said building to remove the same, and in case they would not remove the same within the required time, to proceed to remove the same himself, as is required by ordinance; that this the council refused to do. Your relator also requested said Lawrence Ketchum, chief of police, and all the other police of said city, severally, to notify the owner or occupants of said building to remove the same, and in case they should not do so within the required time, they should proceed to do so as is required by ordinance, all of which they each refused and still refuse to do, for the reason that said city council had granted a special permit to said A. J. Popple to remove and place this building as was done. Your relator states that said special permit is wholly void, and of no force and effect, for the reason that it is against and in violation of the statute law regulating the incorporation of cities and towns within this state."

A copy of the fire ordinance is set out in the record.

The defendants demurred to the petition, on the ground that the facts were not sufficient to entitle the relator to the relief prayed for.

The relator fails to state that he has any interest in the

subject-matter of the suit.    So far as appears, he will not be injured by the removal of the building.    No doubt any party owning a building within the fire limits of a city has cause of complaint if a wooden building is removed from another lot on to a lot adjoining his building, if it thereby increases the risk from fire.    In such, case the removal of a building would be a nuisance, from which he would suffer special injury, and no doubt in a· proper case the courts would grant him appropriate relief.

The rule is well established in this court that, where the: question is one of public right and the object of the mandamus is to procure the enforcement of a public duty, the relator need not show that he has any legal or special interest in the result, it being sufficient to show that he is a citizen and as such interested in the execution of the laws.    *State v. Shropshire*, 4 Neb., 411.    *State v. Stearns*, 11 Neb., 104.    This rule applies more particularly to the enforcement of such public duties which the failure to perform will affect the entire community alike, and it is doubtful if the rule applies in a case like this.

The question was before the supreme court of New York in *People v. Collins*, 19 Wend., 56, and Mr. Justice Cowen, in an elaborate opinion, reviews the cases to that date.    He says (p. 65): "Most of the cases respect private or corporate rights.    Courts or officers or corporations are to be put in motion with a view to enforce some matter of private interest.    In such case the *title to relief* at the suit of the relator must appear, and he should present himself as a party, otherwise a mere stranger might obtain a mandamus officiously and for purposes not at all desirable to the real party.    [See per Abbott, Ch. J., in *Rex v. Sheriff of Chester*, 1 Chitty R., 479.]    In matters of mere public right, however, it is otherwise; here the people are the real party, as in the other they are the nominal."

The distinction between cases where a private person

may act as relator to enforce a public duty, and where to maintain the action he must show an interest, is not very clearly drawn in the cases. The dividing line, however, appears to be, that where private or corporate rights are affected, then the relator must show an interest, while if the state is the real party and the relator the mere informer, to procure the enforcement of a mere public duty, then a private individual may become the relator. Tested by this rule the relator could not maintain the action.

2d. It appears that the building complained of was removed from one point within the fire limits to another point therein, presumably for the purpose of erecting a building on the former site, to conform to the fire limit ordinance. There is no increase of the combustible material within the fire limits of the city, and we have been unable to find any case where it has been held, under a statute like our own, that the city council might not permit such removal. And certainly a mere volunteer, who will sustain no special injury thereby, cannot complain.

The demurrer to the petition will be sustained, and the action dismissed.

JUDGMENT ACCORDINGLY.

THE other judges concur.