634 NEBRASKA REPORTS. [VOL. 98

State, ex rel. Rea, v. City Council of City of Lincoln.

STATE, EX REL. J. F. REA, APPELLEE, v. CITY COUNCIL OF CITY OF LINCOLN, APPELLANT.

FILED SEPTEMBER 20, 1915. No. 18861.

1. **Mandamus: PARTIES.** Fire protection in a city is a matter of public interest affecting the rights of all citizens and taxpayers of such city; and, where the duly constituted officers of the city fail to execute the laws relating thereto, an action to compel execution of the same may be instituted and maintained by a citizen of the city in his individual capacity.

2. **Municipal Corporations: FIREMEN: HOURS OF SERVICE.** The provisions of section 4439, Rev. St. 1913, providing, "No fireman, other than the chief and assistant chief of the fire department, shall be compelled or required to be on duty more than twelve hours continuously in any one day, * * * and the proper officers having charge of the fire department * * * are required to make suitable rules and regulations to carry these provisions into effect," are mandatory, and the officers charged with the duty of carrying them into effect are not free to exercise any discretion in that regard.

3. ———: ———: **VALIDITY OF STATUTE.** Chapter 7, Laws 1913, amending section 8057, Ann. St. 1911, is a valid enactment, binding upon all cities of the state having more than 40,000 and less than 100,000 inhabitants.

4. ———: ———: **EVIDENCE: JUDICIAL NOTICE.** Courts will take judicial notice of the different class of service rendered by the fire chief and his assistant from that rendered by the other officers of the department, and a statute will not be held to be special legislation and in contravention of section 15, art. III of the Constitution, because they are placed in different classes.

APPEAL from the district court for Lancaster county: P. JAMES COSGRAVE, JUDGE. *Affirmed.*

*Fred C. Foster* and *D. H. McClenahan,* for appellant.

*J. L Caldwell* and *Roscoe C. Ozman, contra.*

MORRISSEY, C. J.

The relator, a citizen and taxpayer of the city of Lincoln, a city of the first class having more than 40,000 and

less than 100,000 inhabitants, instituted mandamus proceedings in the district court for Lancaster county to compel the city council to install what is commonly known as the "double shift" for firemen, as provided by section 4439, Rev. St. 1913. It is alleged that, notwithstanding the provisions of the statute, the city council neglected and failed to make suitable rules and regulations for carrying the provisions of the statute into effect. Many allegations are also contained relating to the condition of the funds, *et cetera;* but these we regard as mere surplusage, and not going to the merits of the controversy. An alternative writ was issued. Respondents filed a showing why a writ should not issue, alleging that relator had not sufficient capacity to maintain the action; that the motion and affidavit do not state facts sufficient to sustain a cause of action; that the city did not have funds available for said purpose; and alleged that to install the double shift would seriously impair the protection of the city of Lincoln against fire; and challenged the constitutionality of the act relied upon. The court found generally in favor of relator, and issued a peremptory writ directing the respondents to carry out the provisions of the statute and provide for the "double shift."

Appellants contend that relator did not have capacity to maintain the action. In *State v. City of Kearney,* 25 Neb. 262, this court said: "The rule that, when the question presented is one of public right, and the object of the action is to enforce the performance of a public duty, it is sufficient for the relator to show that he is a citizen, and as such is interested in the execution of the laws, applies more particularly to cases where the failure to perform the duty affects all the members of the community alike."

The matter of fire protection being a matter in which all members of the community are interested, it follows that all citizens and taxpayers within the city have an interest in the equipment and management of the fire department, and, the relator having shown that he is a citizen and taxpayer, this assignment of error is not well taken.

It is insisted that the city council cannot be compelled by mandamus to perform an act beyond its power, and that mandamus does not lie to compel an act of discretion. These propositions are not debatable; but the statute invoked lays down a simple duty, namely, to adopt rules and regulations for the government of the fire department, and to provide that no fireman, except the chief and assistant chief, shall be required to work more than twelve hours continuously in any one day, etc. As to the adoption of this rule, the statute is mandatory, and the respondent is not free to exercise discretion.

The statute relied on is an amendment of an older statute, and one that was in force before the city of Lincoln adopted the commission form of government. When the amendment was adopted no reference was made to any of the sections of the statute bringing about this change in the form of government, and it is contended by respondent that, because of the adoption of the commission form of government by the respondent, the section amended does not apply to the city of Lincoln. This assignment is not well taken. When, by the adoption of the provisions of the Banning Act, the city changed its form of government, it still remained subject to the statutes applicable to cities of its class, not only as they then existed, but subject to such changes and amendments as future legislatures might make. The section amended is the only one dealing with the question of a fire department, and in providing for the "double shift" for firemen it was the only section necessary to amend.

Again, we are asked to hold that the statute is special and class legislation, because it exempts the chief and assistant chief from its provisions, and that it is therefore void. There seems to be good reason for dividing the fire department into classes, placing the chief and his assistant in one class, and the men who do the manual labor in another class. There may be, and undoubtedly is, good reason for this classification, and, as the legislation is uniform as to the class sought to be affected, it cannot be said to come within the inhibition of the constitution.

It follows that the judgment of the district court is right, and is

AFFIRMED.

LETTON, SEDGWICK and HAMER, JJ., not sitting.