STATE, EX REL. J. G. MCCORMICK ET AL., APPELLANTS, V. ORON B. BOWER ET AL., APPELLEES.

FILED JULY 7, 1921. No. 21526.

Elections: CANVASS OF VOTES: MANDAMUS. It is the settled law of this state that the duties of canvassing boards in canvassing the returns of an election are purely ministerial. They perform the act of tabulating the votes of the different precincts as returned to them, and have no power to hear evidence or determine any question as to the validity of the election or the votes cast, or to change such returns. *Held*, therefore, that mandamus will not lie to compel a county board to reconvene as a canvassing board and to go behind the returns of a special school bond election, held pursuant to section 6832, Rev. St. 1913, and to reject therefrom illegal votes cast against said proposition and declare the same carried.

APPEAL from the district court for Deuel county: HANSON M. GRIMES, JUDGE. *Affirmed.*

*Charles C. Larsen, H. R. Busse* and *Beeler, Crosby & Baskins,* for appellants.

*Halligan, Beatty & Halligan* and *G. E. Junge, contra.*

Heard before MORRISSEY, C.J., FLANSBURG and ROSE, JJ., BEGLEY and LESLIE, District Judges.

BEGLEY, District Judge.

Action in mandamus instituted by relators, who are the regents of Deuel county high school district of Deuel county, Nebraska, against the respondents, who are the county commissioners of Deuel county, Nebraska, to com-

pel said county commissioners to reconvene as a canvassing board and to go behind the returns of a special school bond election held in Deuel county, Nebraska, and to reject therefrom 99 illegal votes alleged to have been cast against said proposition, and to declare the same carried.

The relators in their petition allege that on May 18, 1919, the respondents, pursuant to a legal petition filed requesting the same, called a special election of the electors of said county having the qualifications prescribed in section 6833, Rev. St. 1913, as amended, submitting to such electors the question of issuing bonds in the amount of $100,000 for the purpose of purchasing a site for a county high school, erecting suitable buildings thereon, and for levying a tax for payment of the principal and interest; that on July 8, 1919, an election was held pursuant to legal notice as required by law; that on May 12, 1919, the school board of school district No. 19 of Deuel county, Nebraska, filed a certificate in the office of the county clerk setting forth that said school district was maintaining, and would maintain for the ensuing year, a twelve-grade high school, and that thereby the electors of said school district No. 19 became disqualified from voting upon said proposition, but, nevertheless, they were permitted to vote and did cast 99 votes against said proposition; that the board of county commissioners met at the courthouse in Deuel county, Nebraska, on July 28, 1919, resolved itself into a canvassing board and canvassed the returns; that two legal electors appeared before the board and filed a petition protesting against the counting of 99 illegal votes cast by the electors of school district No. 19 and demanded that they be excluded from the count, but, notwithstanding, they were counted by the board, and said board declared that there had been cast 563 votes for said proposition and 442 votes against the same, and that said proposition had not received 60 per cent. of the total votes cast, and declared the same defeated; whereas in truth and fact there were cast in favor of said proposition 563 legal votes and against same 343 legal votes, and that

the proposition to issue the bonds was carried by a majority of more than 60 per cent. of the legal votes cast at said election. The relators then allege that there is no remedy provided by law in which to obtain the relief asked for, which is that the county board of Deuel county, Nebraska, be required to reconvene as a canvassing board for the purpose of canvassing the returns of said special election; that it be compelled to deduct 99 illegal votes cast and returned by the election board of Big Springs precinct against said proposition, and that said board be compelled to enter upon the election records of Deuel county, Nebraska, that there were cast at said special election a total of 906 legal votes; that there were cast in favor of issuing said bonds and in favor of levying a tax to pay same 563 legal votes, and that there were cast against the same 343 legal votes, and that the legal votes so cast in favor of said proposition are more than 60 per cent. of all the legal votes cast at said special election, and that said board of county commissioners be compelled to carry out officially the expressed will of the legal and qualified electors of the county high school district of Deuel county, Nebraska, and issue the bonds.

The respondents filed a demurrer to the petition, on the ground that relators had no legal capacity to sue, and that the petition fails to state facts sufficient to constitute a cause of action. The demurrer was sustained, respondents electing to stand upon the demurrer, the action was dismissed, and the matter appealed to this court.

Section 6823, Rev. St. 1913, as amended by chapter 70, Laws 1919, gives the board of regents general control and supervisory powers over high school districts and is sufficient to permit the relators here to maintain this action.

The contention that the petition fails to state facts sufficient to constitute a cause of action against respondents is based on the fact that the district court has no power by mandamus to compel boards of canvassers to go behind the returns as made by the election officers and reject illegal votes. It is a settled law of this state that

thε duties of canvassing boards in canvassing the returns of an election are purely ministerial. They perform the act of tabulating the votes of the different precincts as returned to them and have no power to hear evidence or determine any question as to the validity of the election or the votes cast, or to change such returns. *State v. Ramsey,* 8 Neb. 286; *State v. Hill,* 10 Neb. 58; *State v. Stearns,* 11 Neb. 104; *State v. Peacock,* 15 Neb. 442; *State v. Hill,* 20 Neb. 119; *State v. Wilson,* 24 Neb. 139; *State v. McFadden,* 46 Neb. 668; *State v. Van Camp,* 36 Neb. 91; *State v. Roper,* 46 Neb. 724.

The relators contend that this leaves them without a remedy, and that the law in some way ought to furnish them a remedy for the wrong committed against them. If this be true, it is the fault of the legislature, and not the fault of the respondents as a board of canvassers, nor the courts. In *State v. Minor,* 105 Neb. 228, the court said: "It has been said often enough that in the division of the powers of government the judiciary shall not usurp the function of the legislature. To do so would be judicial legislation, an insidious judicial offense, and one which may in time, if indulged, imperil the perpetuity of our institutions."

The order of the district court sustaining the demurrer is therefore correct, and is

AFFIRMED.