SHANNER BROTHERS, APPELLANTS, V. VILLAGE OF PAGE, APPELLEE.

FILED JULY 7, 1921. No. 21607.

1. **Municipal Corporations: CONSTRUCTION OF SIDEWALK: SUIT TO ENJOIN: DISMISSAL.** In an action by resident property owners to enjoin a village from "further permitting or allowing" a certain sidewalk to be constructed contrary to an established grade and in violation of an ordinance of the village governing the construction of sidewalks, there being no evidence to show that the village had either authorized the construction of such sidewalk or that it had taken any part in such construction, *held,* that the action of the district court in dismissing the cause at the close of plaintiffs' evidence was proper.

2. ———: **DUTIES: REMEDIES.** The remedy, if any, to enforce the performance of a mandatory duty of a municipal corporation is mandamus, and not injunction.

APPEAL from the district court for Holt county: ROBERT R. DICKSON, JUDGE. *Affirmed.*

*H. M. Uttley,* for appellants.

*J. A. Donohoe, contra.*

Heard before LETTON, DAY and DEAN, JJ., CLEMENTS (E. J.) and MORNING, District Judges.

MORNING, District Judge.

Action by plaintiffs as residents and property owners of the village of Page to enjoin said village from per-

mitting certain sidewalks to be constructed in violation of a certain ordinance of said village governing the laying of sidewalks. From a judgment for defendants, plaintiffs appeal.

The petition alleges in substance that plaintiffs are residents and property owners of said village, that the village is a municipal corporation organized under the laws of this state; that said village duly and regularly adopted and established a system of grades throughout said village for sidewalks; that said village is causing and permitting a certain designated sidewalk (specifically described) to be constructed without paying any regard to the established grade, over the protest and objection of plaintiffs duly made to the authorities governing said village; and that said sidewalk, so being constructed, by and with the consent of the village of Page, and the trustees thereof, does not conform to the grade established and adopted, "either with reference to its location distant from the property adjacent thereto or with the grade in elevation as adopted by said village." It is further alleged that to permit said sidewalk to be established without regard to the grade will materially and substantially affect the rights of plaintiffs and all other citizens of said village of Page; that no action at law to recover damages for such failure would be adequate, or could be maintained by the different citizens of said village, and that to permit the said village and the trustees thereof to allow sidewalks to be built without conforming to grade would be a serious injury and detriment to the village and all citizens thereof. There was a prayer for an injunction restraining defendant from further permitting or allowing sidewalks to be built in said village unless they conform to the established grade.

At the close of plaintiffs' evidence, on motion of defendant, the court dismissed the action at the costs of plaintiffs. The judgment of dismissal was on October 10, 1919. The transcript for appeal was filed in this court on June 21, 1920. On the day the judgment was entered,

however, plaintiffs filed in the court below a "motion for rehearing of this cause," which is in the nature of an argument intended to convince the court that the judgment was contrary to law and the evidence and not sustained by the evidence. This motion was not passed upon by the district court until the 29th day of March, 1920, when it was overruled. The appeal to this court was perfected within three months from the date of the ruling of the court on said motion. We have, with some misgiving, concluded to treat this motion as one for a new trial and thus avoid the necessity of dismissing the case for want of jurisdiction to hear it.

If it were not for the allegation of the fourth paragraph of the petition there would be nothing contained in it to indicate that the village is in any way an active party to the construction of the sidewalk complained of. It is there alleged that the village is "causing and permitting" it to be done. The prayer for an injunction is that defendant be restrained "from further permitting or allowing sidewalks to be built in said village of Page unless the same conform to and are in accordance with the established grade." There is a total lack of evidence either offered or received tending to show that the village either authorized or consented to the construction of the sidewalk complained of, or that it in any way actively participated in, or connived at, its construction. Indeed, the plaintiffs themselves proved by the testimony of the village clerk that no action had been taken by the village board authorizing the construction of this sidewalk. The question, then, is whether a party who can show himself aggrieved by the laying of a sidewalk in a village can maintain injunction against the village without alleging and proving that the village is in some way responsible for the work being done? We think the question must be answered in the negative. If the village owes any active duty to plaintiffs in the matter the remedy is not injunction, but mandamus to compel it to perform that duty. *Moores v. State,* 71 Neb. 522; *State v. City of Kearney,* 25 Neb. 262;

*State v. City Council of City of Lincoln,* 98 Neb. 634. But we think there is no duty resting upon the village to maintain an injunction suit against the parties responsible for the improvement, for the protection of aggrieved citizens or complaining parties. If sidewalks are being constructed by private parties in violation of the ordinances of said village, these plaintiffs, if they have a right of action at all, can maintain it themselves against the responsible parties, and are in no position to maintain an injunction suit against the village to restrain it from "further permitting" the work to be done. And we fail to find any convincing or satisfactory evidence in the record that the sidewalk complained of was being built contrary to the village ordinances and not according to the established grade. No surveyor was called as a witness, and the only evidence on the subject of improper grade or location of the sidewalk was of the most vague, indefinite, and conjectural character.

We think the action of the district court in dismissing the petition was right, and the judgment is

AFFIRMED.