EARL S. MURRAY ET AL., APPELLANTS, V. EMIL NELSON ET AL., APPELLEES.

FILED NOVEMBER 17, 1921.   No. 22063.

1   **Statutes:** VALIDITY: COUNTY SEAT ELECTION. Where a statute provides a full and complete method of holding an election to relocate a county seat, and, by way of proviso, it contains the words: "That the question of relocation and division of any county within the state shall not be again submitted to the electors for the period of ten years from and after the date of any such election, held subsequent to the passage of this act"—no other reference being made in the body of the act to a "division of any county," *held*, that the words referring to the division of a county do not bring the act within the inhibition of section 11, art. III of the Constitution of 1875, providing that "no bill shall contain more than one subject."

2.   ———: ———: TITLE. Where a bill deals with but a single subject, which is clearly expressed in its title, it will not be held to violate that clause of section 11, art. III of the Constitution of 1875, which provides that "no bill shall contain more than one subject, and the same shall be clearly expressed in its title," even though the title when read independently of the act may seem double.

3.   ———: ———. Chapter 169, Laws 1917, *held* not to be amendatory in its nature, but to be a complete and independent act.

4.   **Constitutional Law:** MOTIVES OF LEGISLATORS. The motives which

impelled a member of the legislature to vote for the enactment of a law cannot be made the subject of judicial inquiry for the purpose of invalidating or preventing the operation of the law.

5. Counties: COUNTY SEAT ELECTION: SUFFICIENCY OF BALLOTS. In an election held under the provisions of chapter 169, Laws 1917, the petition for the election prayed that the question of the removal of the county seat "to the city of Franklin" be submitted to a vote of the electors of the county. On the ballot was printed merely the name Franklin and the name Bloomington, the then county seat. There was within the county a township named Franklin, in which was situated the city of that name. *Held* that, under the facts, the county board, upon finding that the requisite number of votes had been cast in favor of Franklin, properly declared the city of Franklin the county seat.

APPEAL from the district court for Franklin county. WILLIAM A. DILWORTH, JUDGE. *Affirmed.*

*George W. Prather, George Losey, I. E. Montgomery* and *J. E. Willits,* for appellants.

*C. C. Flansburg* and *C. R. Stasenka, contra.*

Heard before MORRISSEY, C.J., LETTON, ROSE, ALDRICH, DEAN and DAY, JJ.

MORRISSEY, C.J.

Plaintiffs, as citizens and taxpayers of Bloomington, Franklin county, brought this action against defendants, who are the officers of Franklin county, to restrain them from transferring their offices with the books and records of the county from Bloomington, which had theretofore been the county seat, to Franklin, which at an election held October 26, 1920, to relocate the county seat, had received more than three-fifths of the vote cast; that being the minimum number required by statute for a relocation of a county seat. The usual proceedings were had upon the canvass of the vote. Franklin was declared the county seat and the transfer of the records of the county was ordered. On the trial of this cause there was a finding in favor of defendants, and from the judgment entered plaintiffs appeal.

A number of assignments of error are made, but the controlling question is the validity or invalidity of chapter 169, Laws 1917, under which the election was held. It is the contention of appellants that this statute is unconstitutional; that there was no authority in law for holding the election, and, therefore, any order based thereon is void. First, it is said that the act is in conflict with section 11, art. III of the Constitution of 1875, which provides: "No bill shall contain more than one subject, and the same shall be clearly expressed in its title. And no law shall be amended unless the new act contains the section or sections so amended, and the section or sections so amended shall be repealed."

The title of the act in question reads as follows: "An act providing a way whereby the county seat of any county within the state of Nebraska may be changed or relocated; *and whereby any county in the state may be divided;* to provide for the calling and holding of an election therefor; to fix the number of qualified electors required upon a petition, to authorize the calling of such election and to fix the number of votes required to change or relocate such county seat; to prohibit the calling of such an election oftener than once in ten years, and to repeal sections 939, 940, 941, 942, 943, 944, 945, 946, and 947, of the Revised Statutes of 1913, and to provide penalties for the violation of this act."

Appellants claim that two subjects are embraced in the title. First, the relocation of county seats; second, the division of counties. The act sets out at length the necessary steps to be taken to call an election and to secure the relocation of a county seat, but the only reference to a division of a county is found in section 2, where in the nature of a proviso it contains the words: "That the question of relocation *and division of any county within the state* shall not be again submitted to the electors for the period of ten years from and after the date of any such election, held subsequent to the passage of this act."

While, as said, the act provides a full and complete

method of holding an election for the relocation of a county seat, we look in vain for any provision under which an election may be held for the purpose of dividing a county. The words, "and division of any county within the state," bear no relation to any language that has gone before. As they occur in the act they are meaningless— surplusage. If we concede that the division of counties is a subject so distinct and separate from that of relocating county seats that both may not be embraced within the terms of a single act, nevertheless we have a situation where there is legislation on only the one subject, to wit, the relocation of county seats. No method is provided for the division of any county. So far as the language, "and division of any county within the state," found in the body of the act, is concerned, it may be entirely disregarded.

It is further urged, however, that the title of an act is a part thereof, and that the inhibition of the Constitution applies with equal force to the language of the title and to the language of the act, and that because the title proclaims the purpose of the act to be "a way whereby the county seat of any county within the state of Nebraska may be changed or relocated; and whereby any county in the state may be divided;" there are two subjects treated, and the whole act must fall. In *White v. City of Lincoln,* 5 Neb. 505, it is said that the object of the provision of the Constitution relied upon by appellant "is to prevent surreptitious legislation." Having in mind, then, the purpose of this provision, may it be said that its purpose is thwarted by the title we are considering? Clearly not. The first and most prominent statement in the title challenges the attention of the legislator to the relocation of county seats, the only subject that is afterwards effectually dealt with in the act. The clause in the title, "whereby any county in the state may be divided," in no way beclouds the issue. As is well said in *Van Horn v. State,* 46 Neb. 62, 72: "The title must clearly express the subject, but provided the bill itself contains but one sub-

ject, and this subject is clearly expressed in the title, it matters not although the title, read independently of the bill, may seem double. We, therefore, look to the bill itself to ascertain whether or not it contains more than one subject, and, having ascertained that it contains but one, then we look to the title to see if that subject is clearly expressed therein. If so, the constitutional provision we are here discussing is not violated." This language applies with peculiar force to the question we are discussing. The title does not fall within the inhibition of the Constitution.

Appellant makes the further claim that the act is amendatory in its nature, and that it is unconstitutional because it does not contain in its title the sections amended. An inspection of the act shows that it is not amendatory; that it is complete in itself. It sets up an independent method of relocating county seats and repeals all former statutes dealing with the subject treated.

In connection with the subjects just discussed, it is argued by appellants that the so-called provision for the division of counties was an inducement to members of the legislature to support the act, and the evidence of members of the legislature who supported the act upon its passage is offered in support of this contention. It is well established that the motives which impelled the legislature to enact a law cannot be made a subject of judicial inquiry for the purpose of invalidating or preventing the full operation of the law. The evidence offered was clearly incompetent.

Further criticism is made of the act under which the election was held, and complaint is made of the form of the ballot, because the names of only two contesting cities, under the provisions of the act, may appear thereon. It is said that printed upon the ballot was the word "Franklin," and not "The city of Franklin;" that within the county there is a city named Franklin, and also a township named Franklin; and that the order of the county board complained of declares the city of Franklin

to be the county seat, although the ballot is silent as between the city and the township. It appears that the city of Franklin is situated within the township of Franklin. Section 1 provides for the submission to a vote of "the question of the removal of the county seat to the one city, town, village or place named in the petition." No mention is made of a township, but, perhaps, it might fall within the term "place" as used in the act. However, the evidence introduced by appellants shows that the petition presented to the county board requested that an election be called to submit the question of the removal of the county seat "to the city of Franklin."

In *State v. Dinsmore*, 5 Neb. 145, it is held: "Where the intention of the voter is clearly ascertainable from the ballot, with the aid of extrinsic facts of a public nature connected with the election, the law will require his vote to be counted."

In the instant case, if doubt existed as to whether the city of Franklin or the township of Franklin was the contender for the county seat, an inspection of the petition which formed the basis for the election would have set the matter at rest. The assignment of error is not tenable.

It is also argued that all the constitutional formalities were not observed in the passage of the act through the legislature; and that the election was void because certain citizens of the county distributed a circular stating that, in the event of the removal of the county seat from Bloomington to Franklin, they would not ask that a new courthouse be erected within two years from the date of the election, or that more than $100,000 be appropriated for the purpose, and that they had procured certain contracts from owners of buildings whereby the owners offered to supply suitable temporary office facilities to the county at a cost of not to exceed $100 a month until a new courthouse could be built. These assignments have been considered, but do not require discussion.

No error is found in the judgment of the district court, and it is

AFFIRMED.