Shaw v. Stewart.

---

GORDON C. SHAW, APPELLANT, v. JOHN A. STEWART, APPELLEE.

FILED MARCH 7, 1927.    No. 25688.

1. **Elections: ELECTION OFFICERS: DUTIES.** The duties of election officers, in the matter of counting ballots, are purely ministerial.

2. ———: ———. Election officers are not clothed with judicial power.

3. ———: STATUTES: CONSTRUCTION. In the exercise of the right of suffrage, the statutes are to be construed liberally in favor of the voter.

4. ———: ———: ———. Technical rules of construction in an election contest will not be permitted to disfranchise the voter.

5. ———: ———: COUNT OF BALLOTS. Upon examination of the record, we find that the election officers exceeded their authority in rejecting ballots in which the name of a candidate was written in and properly marked with an "X" by the voter.

6. ———: ———: ———: INTENT OF VOTER. The intent of the voter as disclosed by his ballot shall govern, in the absence of fraud, if such intent can be determined from the ballot which he has cast.

APPEAL from the district court for Clay county: WILLIAM A. DILWORTH, JUDGE. *Reversed, with directions.*

*Waring & Waring*, for appellant.

*J. E. Ray, contra.*

Heard before GOSS, C. J., DEAN, DAY, GOOD, THOMPSON and EBERLY, JJ.

DEAN, J.

At a regular city election held in Edgar, April 6, 1926, John A. Stewart was a candidate for councilman from the first ward on a "citizens" ticket and Gordon C. Shaw was an opposing candidate in the same ward "by petition." The official ballot, so far as it is involved here, was printed in the following form:

For Councilman.

Vote for One

☐ J. A. STEWART.................................................Citizens

☐ GORDON C. SHAW...............................By Petition

☐ -------------------------------------------------------------

When the ballots were counted, it appeared that 120 electors had placed an "X" before the printed name of J. A.

Stewart, and 19 electors had placed an "X" before the printed name of Gordon C. Shaw, and 107 electors had written the name of Gordon C. Shaw in the third space on their respective ballots and had placed an "X" before the name so written. Stewart received 120 votes and Shaw received 126 votes, provided all the votes are to be counted, where Shaw's name was both printed and written. Claiming a majority of six votes, Shaw contested the election. But Stewart prevailed both in the county court and the district court. Shaw has appealed.

There is nothing in the record to show that the vote was irregular or that the writing in of the name of Shaw on the ballots, or the marking of the ballots, was not authorized by law and by our former decisions. No fraud has been charged and, of course, none was proved. In view of the facts and of our decisions in public election cases, whether for candidates for public office or for a civic proposition submitted to the voters, we have uniformly held that technical rules of construction shall not be permitted to disfranchise the voter. *State v. Grimm, ante,* p. 230, and cases there cited.

*Gauvreau v. Van Patten,* 83 Neb. 64, is a case involving an election contest for councilman in the city of Hastings. In that case an interesting citation from a recognized authority is here reproduced: "Wherever our statutes do not expressly declare that particular informalities avoid the ballot, it would seem best to consider their requirements as directory only. The whole purpose of the ballot as an institution is to obtain a correct expression of intention; and if in a given case the intention is clear, it is an entire misconception of the purpose of the requirements to treat them as essentials, that is, as objects in themselves, and not merely as means." 2 Wigmore, Australian Ballot System, 193 (appendix). See, also, *White v. Slama,* 89 Neb. 65.

One of the cardinal rules in cases of this class clearly appears to be that, in the absence of fraud, the intent of the voter as disclosed by his ballot will govern, and the provi-

sions of statutes generally, relating to the form of the. ballot and the statutory manner of indicating the elector's choice of candidates, should be construed as directory, unless the statute itself makes the ballot void for failure to strictly comply with its every provision.    See generally *Bingham v. Broadwell*, 73 Neb. 605; *Griffith v. Bonawitz*, 73 Neb. 622. For an election officer to disfranchise a voter whose intent plainly appears on his ballot is a grievous wrong against the voter and for this court to do so on appeal would be an unthinkable perversion of judicial power.

Some of the rules that govern in the matter of statutory elections are pointed out in the following citations:   Election officers are without judicial power. *Hagge v. State,* 10 Neb. 51; *State v. Dinsmore,* 5 Neb. 145.   It is elementary that the duties of election officers in the counting of ballots are purely· ministerial. *Long v. State,* 17 Neb. 60.   In the exercise of the right of suffrage the statutes are to be construed liberally in favor of the voter.   9 R. C. L. 1093, sec. 102.   The provisions of a statute which affect the mode and manner of conducting the mere details of an election are directory and the will of the majority is to be respected even when irregularly expressed.   The electors· are not to suffer on account of the default ·of their agents.   McCrary, Elections (4th ed.) sec. 228; *State v. Grimm, ante,* p. 230; *Howard v. Harrington,* 114 Me. 443, L. R. A. 1917A, 211; *Clark v. Board of Commissioners,* 33 Kan. 202; *Coughlin v. McElroy,* 72 Conn. 99.

Defendant finally cites section 1945 and subdivision 4 of section 1951, Comp. St. 1922.   The above sections follow:

"In each division, and beneath all candidates placed there by nomination or petition, a blank space shall be provided, into which electors may write the name of any person for whom they wish to vote and whose name is not printed upon the ballot."   Comp. St. 1922, sec. 1945.

"If you wish to vote for any person whose name is not printed on the ballot, write his name in full in the blank space on the ballot under the proper office you wish him to

Shaw v. Stewart.

hold, and make a cross in the square opposite the written name." Comp. St. 1922, sec. 1951, subd. 4.

Defendant contends that these statutes prohibit an elector from writing in the name of a candidate whose name has been printed on the ballot and that if he does so such vote shall not be counted. We do not agree with counsel. Section 1945 and subdivision 4, of section 1951, Comp. St. 1922, do not declare invalid a ballot where the elector has written in the name of the candidate whose name is also printed upon the ballot. We think that the provisions of the last two above cited sections of the statute, under the facts disclosed by the record, and herein pointed out, may be regarded as merely directory, and not mandatory. In the absence of evidence showing an unlawful or fraudulent purpose in so marking the ballot, as above pointed out, it should be counted. But it is significant to note that, where the statute itself makes the ballot invalid unless certain provisions specifically named in the statute be complied with, the provisions so named are mandatory and, unless complied with by the voter, his ballot is for this reason invalid and cannot lawfully be counted. Cases are also cited by counsel which very properly hold to the rule that a ballot is invalid and shall not be counted where it has the name of but one election official indorsed thereon where the statute requires the names of two or more indorsements. But such citations are not applicable to the facts before us. It is elementary that such defect renders the ballot illegal and it cannot, of course, lawfully be counted by the election board.

We conclude that, in view of the facts and of the authorities applicable thereto, the judgment of the district court must be reversed. It is therefore ordered that a writ of ouster be issued, forthwith, against defendant, and that plaintiff be declared the duly elected councilman for the first ward of Edgar.

REVERSED.