STATE, EX REL. RALPH CAMPBELL, APPELLEE, V. ALLIE O. CAMPBELL ET AL., APPELLANTS.

FILED MAY 24, 1935. No. 29345.

*White & Heiss,* for appellants.

*Raymond & Raymond, contra.*

Heard before ROSE, GOOD, EBERLY, DAY and PAINE, JJ., and BLACKLEDGE, District Judge.

DAY, J.

This is an action for a writ of mandamus directing the respondents as directors of the Central Irrigation District to canvass the returns of an election for the office of director. The trial court issued the writ and two of the three respondents appeal to this court.

It appears that the relator Campbell and director Wooldridge were rival candidates for the office of director. The board of directors of which Wooldridge was a member made arrangements for the election, fixed the time and place, and appointed election officials. All the electors of the division for which a director was to be chosen appeared at the designated time and place and voted. The judges and clerk of the election counted the votes and delivered a report of the result to the secretary of the district. The board of directors met thereafter and two of the three members, Hampton and Wooldridge, refused to canvass the vote and determine the result. The effect of the refusal of the board to canvass the vote is that Wooldridge is still holding the office.

At the time the board refused to canvass the election returns, a resolution was adopted which set forth the reasons for the refusal. Summarized, they are:

1. That the judges and clerk were not electors of the precinct and not eligible to serve as such.

2. That the judges and clerk did not subscribe to an oath to faithfully perform the duties imposed upon them.

3. That the notice of election specified a place outside of the precinct and the district.

4. That the time specified was contrary to law.

5. That all the votes were not cast by qualified electors.

The board concluded that no valid election was had and that no certificate of election could issue as a result of any purported election. Wooldridge then continued to hold the office of director, because he as director and member of the canvassing board determined that the election which he as such director had arranged was illegal and void.

We are of the opinion that the directors of the district have mistaken and overestimated their powers as a canvassing board. The duties of a canvassing board are purely ministerial. It is its duty to tabulate the votes as returned to it. An election canvassing board has no judicial power. *Hagge v. State,* 10 Neb. 51; *Long v. State,* 17 Neb. 60; *State v. Grimm,* 115 Neb. 230; *State v. Bower,* 106 Neb. 436. The great weight of authority declares that the powers and duties of an election canvassing board are limited to the mechanical or mathematical function of ascertaining and declaring the apparent result of the election as shown by the returns before it and certifying the result. See 20 C. J. 200, and cases cited. An election canvassing board has no power to inquire into the qualification of the judges and clerk of the election. *State v. Hill,* 10 Neb. 58.

An election canvassing board has no authority to go behind the returns and pass upon the legality of the votes. *Hagge v. State,* 10 Neb. 51; *State v. Stearns,* 11 Neb. 104; *State v. Van Camp,* 36 Neb. 91; *State v. Bower,* 106 Neb. 436. As suggested by Maxwell, C. J., in the *Hagge* case, *supra,* "If illegal votes have been cast, or irregularities occurred, * * * the law provides for contesting such election."

There is no new question presented to us by this record. It was the duty of the board to canvass the returns and

certify an election. This it failed and refused to do. Mandamus lies to compel an election canvassing board to reassemble and perform its duty. *State v. Grimm*, 115 Neb. 230; *State v. McFadden*, 46 Neb. 668.

There is no error in the judgment.

AFFIRMED.